**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

AMERICAN CHEMICAL SOCIETY
1155 16th Street NW
Washington, DC 20036,

Plaintiff,

v.

GOOGLE INC.
1600 Amphitheatre Parkway
Mountain View, California 94043,

Defendant.

Case No. 1: 04CV02131 RBW

## ANSWER OF DEFENDANT GOOGLE INC. TO COMPLAINT

Defendant Google Inc. ("Google") responds to the Complaint of Plaintiff American Chemical Society ("ACS") as follows:

1. Google admits that this is an action for trademark infringement and related causes of action. Google admits that it provides a search tool called Google Scholar. Google denies that Google "recently launched a new research tool directed to scientists under the trademark Scholar." Google denies that it infringes any rights of ACS. Google lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 1, and on that basis denies those allegations.

2. Google lacks sufficient knowledge to admit or deny the allegations in paragraph 2, and on that basis denies those allegations.

3. Google admits that it is a Delaware corporation. Google denies the remaining allegations in paragraph 3 to the extent that they are inaccurate. Google's principal place of business is located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

4. There is no paragraph 4 in the Complaint.



Dockets.Justia.com

5-6. Google admits that this case arises under the Lanham Act, and that this Court has jurisdiction over this case. Google denies the remaining allegations in paragraphs 5 and 6.

7-15. Google lacks sufficient knowledge to admit or deny the allegations in paragraphs 7 through 15, and on that basis denies those allegations.

16. Google admits that its operates a search engine.

17. Google admits that it provides Google Scholar, a search tool that enables users to search scholarly literature. Google denies the remaining allegations in paragraph 17.

18. Google admits that it provides Google Scholar, a search tool that enables users to search scholarly literature. Google further admits that this tool is in its beta testing phase, and that it can be accessed on the Internet at "www.scholar.google.com." Google denies the remaining allegations in paragraph 18.

19. Google admits that it provides Google Scholar, a search tool that enables users to search scholarly literature. Google lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 19, and on that basis denies those allegations.

20. Google admits that ACS wrote to Google on November 19, 2004, and that Google responded to ACS on November 24, 2004 and again on November 30, 2004, advising ACS that Google denied that ACS had rights to the term "Scholar" standing alone. Google denies the remaining allegations in paragraph 20.

21-26. Google denies the allegations in paragraphs 21 through 26.

27. Paragraph 27 of the Complaint makes no allegations that require admission or denial.

28. Google denies the allegations in paragraph 28.

29. Paragraph 29 of the Complaint makes no allegations that require admission or denial.

30. Google denies the allegations in paragraph 30.

31. Paragraph 31 of the Complaint makes no allegations that require admission or denial.

32. There is no paragraph 32 in the Complaint.

33. Google denies the allegations in paragraph 33.

Google denies that ACS is entitled to any of the relief requested in the Complaint. Any allegations set forth in Plaintiff's Complaint that Google has not expressly set forth in this Answer are expressly denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: GENERICNESS

34. ACS's trademark is, in part, generic, insofar as the term "scholar" is generic.

### SECOND AFFIRMATIVE DEFENSE: DESCRIPTIVENESS

35. ACS's trademark, in part, is merely descriptive and lacks secondary meaning, insofar as the term "scholar" is merely descriptive of ACS's goods and/or services and lacks secondary meaning.

### THIRD AFFIRMATIVE DEFENSE: ESTOPPEL

36. Plaintiff is estopped from asserting the claims alleged and obtaining the relief requested in the Complaint against Google by reason of Plaintiff's conduct, actions and communications with others.

### FOURTH AFFIRMATIVE DEFENSE: WAIVER

37. Plaintiff has waived any rights it may have to institute an action for the wrongdoings alleged in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE: NO DAMAGES

38. Plaintiff has not been damaged in any amount or manner by reason of any act alleged against Google.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant hereby demands a jury trial on all issues so triable, including on the claims and defenses arising from the claims asserted by Plaintiffs against Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff take nothing as a result of its Complaint and that Plaintiff's claims be dismissed with prejudice.

2. That the Court deem this case exceptional and award Google reasonable attorneys' fees, expenses and costs of suit incurred herein.

Dated: February 3, 2005

Respectfully submitted,

By: ______________________________

Arnold P. Lutzker(DC Bar #101816)
Carl H. Settlemyer, III (DC Bar #454272)
LUTZKER, LUTZKER & SETTLEMYER LLP
1000 Vermont Avenue, N.W., Suit 450
Washington, DC 20005-4929
Phone: (202) 408-7600
Fax: (202) 408-7600

Michael H. Page (pro hac vice application pending)
Klaus H. Hamm
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, California 94111
Phone: (415) 391-5400
Fax: (415) 397-7188

Attorneys for Defendant, Google Inc..

**CERTIFICATE OF SERVICE**

This is to certify that on the 3rd day of February 2005, a true and correct copy of the foregoing "Answer of Defendant Google Inc. to Complaint" was served by First Class U.S. Mail, postage prepaid, upon the following:

Roberta Horton
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, DC 20004

Flint Lewis
David T. Smorodin
American Chemical Society
1155 Sixteenth Street, N.W.
Washington, DC 20036

Carl H. Settlemyer